ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO, Peticionaria, v. JONATHAN OTERO JORGE, Recurrida. | KLCE202301164 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan. Criminal núm.: K BD2022G0345, K BD2022G0346, K LA2022G0195-0197, K LA2023G0013 y K LA2023G0014. Sobre: Art. 190(d) C.P. 2012 (dos cargos); Art. 6.14 Ley de Armas (tres cargos). |
|---|---|---|

Panel integrado por su presidente, el juez Bermúdez Torres, la jueza Romero García y el juez Monge Gómez.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 20 de diciembre de 2023.

La parte peticionaria presentó su recurso discrecional de *certiorari* el 20 de octubre de 2023. En él, solicitó que este foro apelativo revocase la *Minuta-Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 19 de septiembre de 2023, notificada el 20 de septiembre de 2023[1]. En lo pertinente, el foro primario autorizó a la representación legal del señor Otero Jorge realizar una inspección ocular del lugar donde ocurrieron los hechos por los cuales fue acusado.

La controversia medular propuesta por la parte peticionaria se reduce a plantear que el Tribunal de Primera Instancia no podía autorizar una inspección ocular del lugar de los hechos sin antes haber concluido si la parte recurrida había demostrado la pertinencia y necesidad de la inspección, y solo habiendo tomado en consideración exclusivamente los intereses de las partes.

---

[1] La determinación del foro primario fue anunciada inicialmente en la vista de estatus celebrada el 3 de mayo de 2023. No obstante, no fue debidamente firmada y notificada sino hasta el 19 de septiembre y el 20 de septiembre de 2023, respectivamente. *Véase*, apéndice del recurso, a las págs. 1-6.

Número identificador

SEN2023_____

Conforme ordenásemos, el recurrido compareció el 17 de noviembre de 2023, y se opuso a la expedición del auto. Argumentó que el Tribunal de Primera Instancia había actuado correctamente toda vez que permitir dicho descubrimiento de prueba salvaguarda el derecho del acusado a una defensa adecuada. Resaltó que el foro primario solo autorizó que a la inspección ocular acudiera la representación legal del acusado, acompañado de personal del Estado, quien se ocuparía de garantizar el derecho a la intimidad de los ocupantes del lugar a ser inspeccionado, presuntas víctimas del delito imputado al recurrido[2].

Por los fundamentos expuestos a continuación, expedimos el auto de certiorari y **revocamos** la *Minuta/Resolución* emitida por el Tribunal de Primera Instancia, y ordenamos que se celebre una vista para evaluar la pertinencia y necesidad de la prueba solicitada.

I

La Ley de la Judicatura, Ley Núm. 201-2003, según enmendada, dispone en su Art. 4.006 (b) que nuestra competencia como Tribunal de Apelaciones se extiende a revisar discrecionalmente órdenes y resoluciones emitidas por el Tribunal de Primera Instancia. 4 LPRA sec. 24y(b).

El auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. Este recurso procede para revisar errores de derecho en lo procesal y en lo sustantivo. *Pueblo v. Colón Mendoza*, 149 DPR 630, 637 (1999). Ahora bien, distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse ordinariamente de asuntos interlocutorios. *Negrón v. Secretario de Justicia*, 154 DPR 79, 91 (2001).

Como foro apelativo nos corresponde evaluar la corrección y razonabilidad de la decisión recurrida y la etapa del procedimiento en que

---

[2] *Véase*, apéndice del recurso, a las págs. 22-25. Se trata de la *Minuta-Resolución* de la vista de estatus celebrada el 19 de septiembre de 2023, copia de la cual fue notificada el 20 de septiembre de 2023.

se produce, para determinar si es el momento apropiado para nuestra intervención. Al analizar la procedencia de un recurso de *certiorari*, debemos tener presente su carácter discrecional, que debe ser ejercido con cautela y solamente por razones de peso. *Negrón v. Secretario de Justicia*, 154 DPR, a la pág. 91; *Torres Martínez v. Torres Ghiliotty*, 175 DPR 83, 91 (2008).

A esos efectos, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

B

El Art. II, Sec. 7 de la Constitución de Puerto Rico reconoce el derecho de toda persona a un debido proceso de ley como condición previa a ser privado de su libertad. Art. II, Sec. 7, Const. P.R., LPRA, Tomo 1.

Cónsono con ello, en nuestro ordenamiento jurídico se reconoce el derecho de toda persona a defenderse de una acusación criminal en su contra y a obtener, mediante descubrimiento de prueba, la evidencia que le favorezca. El Tribunal Supremo de Puerto Rico ha resuelto que la capacidad de descubrir prueba de un acusado es consustancial con el

derecho a defenderse adecuadamente. Véase, *Pueblo v. Sanders Cordero*, 199 DPR 827, 835 (2018); *Pueblo v. Custodio Colón*, 192 DPR 567, 585 (2015).

Así mismo, ha resuelto que **la facultad para requerir descubrimiento de prueba no es absoluta**, sino que se rige, por lo general, por las Reglas de Procedimiento Criminal en un contexto práctico. *Pueblo v. Custodio Colón*, 192 DPR, a la pág. 585. Por tanto, ha establecido que la solicitud que a esos efectos realice el acusado, pero se sustente en la cláusula constitucional del debido proceso de ley, no debe tomarse de manera liviana ni abre las puertas para que se otorgue al acusado el descubrimiento de cualquier tipo de material o información. *Íd.*

En nuestro ordenamiento jurídico, la Regla 95 de Procedimiento Criminal, 34 LPRA Ap. II, establece lo concerniente al descubrimiento de prueba del Estado a favor del acusado, en lo pertinente al caso del título dispone:

> .        .        .        .        .        .        .        .

> Sometida la moción de la defensa conforme a lo dispuesto en esta Regla, el Tribunal ordenará al Ministerio Fiscal o a cualquier agencia o instrumentalidad pública que permita al acusado inspeccionar, copiar o fotocopiar el siguiente material o información que está en posesión, custodia o control del Ministerio Fiscal o a cualquier agencia o instrumentalidad pública:
>
> .        .        .        .        .        .        .        .

> (b) El Ministerio Fiscal revelará toda aquella evidencia exculpatoria del acusado que tenga en su poder.

> (c) La defensa deberá incluir, junto con la solicitud de descubrimiento de prueba, las órdenes necesarias para solicitar el material o la información que prevé que el Ministerio Público no tendrá bajo su custodia, dirigidas a las personas o entidades que la poseen, custodian o controlan. El Ministerio Público deberá entregar la información y/o material solicitado que tenga bajo su custodia o control e informar al tribunal si existe algún material o información que le fue solicitada, pero que no se encuentra bajo su posesión, custodia o control, en cuyo caso el tribunal ordenará a la persona o entidad que la posea, custodie o controle, que la ponga a la disposición del acusado.

> (d) No estarán sujetos a descubrimiento o inspección de la defensa los escritos de investigación legal, informes, memorandos, correspondencia u otros documentos internos que contengan opiniones, teorías o conclusiones del Ministerio Fiscal.

**(e) Toda información y/o material que se pretenda solicitar y no esté enumerado en esta regla, deberá venir acompañado de una explicación sobre la necesidad o pertinencia que tiene el mismo para la defensa del acusado.**

(Énfasis nuestro).

En cuanto al descubrimiento de prueba a favor del acusado, el Tribunal Supremo de Puerto Rico ha resuelto que el Ministerio Público tiene el deber de revelar cualquier indicio de falso testimonio y de descubrir evidencia exculpatoria cuando tal falsedad o carácter exculpatorio es, o debió ser, conocida por este. Véase, *Pueblo v. Arzuaga*, 160 DPR 520, 539 (2003), citando a E. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1991, Vol. II, pág. 32. Esto, sin necesidad de una previa solicitud por parte de la defensa y sin importar si las Reglas de Procedimiento Criminal proveen o no para tal descubrimiento en la etapa específica de los procedimientos en que se encuentren. Así mismo ha aclarado que no hacerlo podría acarrear la revocación de la convicción y, en su consecuencia, la celebración de un nuevo juicio. Ello dependerá de la relevancia y materialidad de la evidencia suprimida; esto es, si la supresión de la evidencia de que se trata socava la confianza en el resultado del juicio. *Íd.* Véase, además, las Reglas 104 y 105 de las Reglas de Evidencia, 32 LPRA Ap. VI.

Así, en *Pueblo v. Custodio Colón,* 192 DPR, a las págs. 587-588, al expresarse sobre las circunstancias en las que se permitirá un descubrimiento de prueba que exceda el texto de la Regla 95, el Tribunal Supremo reafirmó este acercamiento:

> Establecimos que "[l]as reglas que gobiernan el derecho al descubrimiento de prueba en casos criminales no pueden ser obviadas con la sola mención del derecho del acusado a un debido proceso de ley. La jurisprudencia en torno a este tema es clara: "no existe un derecho constitucional a descubrir prueba antes del juicio". Añadimos a continuación que "[l]a única excepción a esta norma surge ante la existencia de evidencia exculpatoria, circunstancia que es la única que activa la protección constitucional del debido proceso de ley". Por lo tanto, las circunstancias que activan el recurso al debido proceso de ley para sobrepasar el texto de la Regla 95 de Procedimiento Civil, giran en torno a evidencia en posesión del Ministerio Público que sea relevante a la inocencia o el castigo del acusado. Resulta

evidente que no es cualquier prueba la que se puede solicitar apoyándose en el derecho al debido proceso de ley.

(Citas omitidas).

## II

El Ministerio Público, representado por la Oficina del Procurador General, acude ante nos y solicita que revoquemos la determinación del foro primario de permitirle a la defensa del señor Otero Jorge inspeccionar la escena donde presuntamente se suscitaron los hechos relacionados con los delitos imputados al señor Otero. La parte peticionaria propone que el Tribunal de Primera Instancia incidió al autorizar que la representación legal de la parte recurrida realizara una inspección ocular en la residencia de las víctimas. Ello, sin antes establecer la pertinencia o necesidad de la referida inspección.

Además, arguye que el foro primario debió pasar juicio sobre la pertinencia y la necesidad de la prueba solicitada, previo a emplear un análisis basado en el balance de los intereses constitucionales de las partes involucradas. A saber, el derecho a la intimidad de las presuntas víctimas y el derecho que le asiste al acusado de una representación legal adecuada. En atención a ello, añadió que la representación legal del señor Otero no había logrado justificar la pertinencia, ni la necesidad de la inspección ocular, sino que se había limitado a plantear que las fotos que le fueron entregadas por el Ministerio Público le generaron dudas.

Por su parte, la parte recurrida plantea que el tribunal actuó conforme a derecho al permitir la inspección ocular. Aduce que el referido acto salvaguarda el derecho constitucional a una defensa adecuada y a descubrir prueba que resulte favorable al acusado. A su vez, reiteró que, examinada la prueba descubierta por el Estado, esta revelaba una serie de interrogantes e incongruencias que justificaban la inspección solicitada. En particular, sostuvo que las fotos provistas por el Ministerio Público le generaron dudas y contradicciones sobre el testimonio de la prueba de cargo, según esta fue presentada al Tribunal de Primera Instancia, tanto en la vista preliminar como en la vista preliminar en alzada.

Según discutido, debemos revisar si el foro primario evaluó y ponderó en su totalidad los intereses encontrados. De modo que, en efecto, se haya asegurado de que la determinación recurrida constituye el balance que debe conseguir entre los intereses del Estado y el derecho reconocido al acusado en la Regla 95 de Procedimiento Criminal, 34 LPRA Ap. II.

Un examen del trámite seguido en este caso nos convence de que el Tribunal de Primera Instancia abusó de su discreción al evaluar los planteamientos de las partes y ordenar la inspección ocular de la escena de los hechos, que, a su vez, constituye el hogar de las presuntas víctimas. Nos explicamos.

En este caso, el foro primario emitió un dictamen sin primero pasar juicio sobre la pertinencia o necesidad de la evidencia solicitada por la representación legal del acusado. Evidencia que ciertamente rebasa el texto de la Regla 95 de Procedimiento Criminal y cuya obtención trastocaría el derecho a la intimidad que le asiste a las víctimas en su residencia.

Es por esto que, si bien el foro primario sopesó los intereses constitucionales de las partes, su determinación no asegura el balance justo y adecuado que debía conseguir entre los intereses del Estado y el derecho del acusado. En ese sentido, estamos de acuerdo con el planteamiento del Ministerio Público en cuanto a que el foro primario debió primero atender el requisito establecido en la precitada Regla 95, sobre la pertinencia y necesidad de la evidencia que solicita el señor Otero, y solo luego realizar el análisis sobre los intereses constitucionales de las partes.

III

Por los fundamentos expuestos, expedimos el auto de *certiorari,* **revocamos** la *Minuta/Resolución* emitida por el Tribunal de Primera Instancia, y ordenamos que se celebre una vista para evaluar la pertinencia y necesidad de la prueba solicitada por la defensa.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones